

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

ADG:WHB
F. #2026R00506

271 Cadman Plaza East
Brooklyn, New York 11201

August 6, 2026

<u>By ECF</u>

The Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

> Re:     United States v. John Jones
>            <u>Docket No. 26-MJ-143</u>

Dear Judge Kuo:

The government respectfully submits this letter in support of its application for an order of detention pending trial for the defendant John Jones.  The defendant was arrested by the New York City Police Department (NYPD) on August 5, 2026 and is scheduled to be arraigned on New York County charges on August 6, 2026.  The defendant will be brought before the Court thereafter.  For the reasons set forth below, at his presentment, the Court should enter a permanent order of detention, as no condition or combination of conditions can assure his appearance at trial and ensure the safety of the community.

> I.     <u>Offense Conduct and the Defendant</u>

The defendant, who is 24 years old, is charged by complaint under 18 U.S.C. § 844(i) for the arson of a church located at 855 Bushwick Avenue, Brooklyn, New York on or about June 19, 2026.  <u>See</u> ECF No. 1 (complaint); ECF No. 2 (arrest warrant).  On July 16, 2026, the Honorable James R. Cho, United States Magistrate Judge, issued a warrant for the defendant's arrest upon a finding that the complaint sufficiently alleged probable cause to believe that the defendant violated § 844(i).  <u>See</u> ECF No. 2 (arrest warrant).

At or around 12:12 p.m. on June 19, 2026, surveillance video from a camera on Bushwick Avenue across the street from the church shows the defendant made several unsuccessful attempts to enter the church before departing.  Shortly thereafter, surveillance video from a nearby store shows that the defendant entered the store and purchased a lighter.  Audio from the surveillance video reflects that the defendant asked the cashier for "a lighter," and the cashier confirmed that the individual wanted to purchase "a lighter."  Surveillance video from above-described camera across the street from the church shows that the defendant returned to

the church, walked on and around the church property, at times within the church gates, and approached the church exterior. A photograph taken by a witness shows smoke and low burning later developed on an area of the church exterior near to where the defendant was present after returning to the church. The ensuing fire required a large response from the New York City Fire Department (FDNY) and caused significant damage to the church, including the collapse of portions of the structure.

On or about June 28, 2026, the defendant was arrested by the NYPD and charged with New York State criminal mischief for destroying a television outside of a restaurant in Brooklyn, New York. On or about July 17, 2026, the Kings County Criminal Court issued an arrest warrant for the defendant because he failed to appear for a scheduled court appearance in connection with this charge.

At the time of the June 28, 2026 arrest, the defendant provided the NYPD with an address that appears to be associated with a privately-run homeless shelter in New York City.

On or about August 5, 2026, the defendant was arrested by the NYPD and charged with New York State petit larceny. On or about August 5, 2026, the defendant was arraigned in New York County Criminal Court in connection with this charge.

At the time of the New York County arrest, the defendant was found in possession of a notebook containing highly concerning references to planned acts of violence, as shown in the photograph below:

2

Figure 1

The above-depicted notebook entries appear to depict a chart, organized into several categories. The categories include, for example, references to "murder them," "kill them," "stab them," "make them pay," and "rape him." Several of the categories appear to include tally marks for the purpose of counting numbers related to certain categories. A number of the categories on this page also appear to include repeated (and sometimes misspelled) instances of the word "church."

During an interview with law enforcement on August 5, 2026, the defendant admitted to committing the church arson for which he has been charged in this case. Furthermore, the defendant stated that he had recently attempted to burn down a second church in Brooklyn, New York.

3

## II.    Legal Standard

Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., the government may move for detention based on the defendant's dangerousness and/or risk of flight in certain cases, including when the defendant has been charged with arson under § 844(i), see 18 U.S.C. § 3142(f)(1)(A),[1] and/or when a defendant's pending charges involve a serious risk that the defendant will flee, see § 3142(f)(2)(A).  After a detention hearing, a court must detain the defendant if it determines that "no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" Id. at § 3142(e).

A defendant's risk of flight need only be established by a preponderance of the evidence.  See United States v. Boustani, 932 F.3d 79, 81 (2d Cir. 2019) (citing United States v. Sabhani, 493 F.3d 63, 75 (2d Cir. 2007)).  The government must prove a defendant's danger to the community by clear and convincing evidence.  United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam) (citing United States v. Rodriguez, 950 F.2d 85, 88 (2d Cir.1991)).  In meeting its burden, the government is "not . . . bound by the rules of evidence . . . and may proceed by proffer."  See United States v. Williams, 654 Fed. Appx. 3 (citing United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995)).

A presumption of dangerousness and risk of flight arises where a defendant has been charged under § 844(i) and the Court finds probable cause to believe that the defendant committed such offense.  See § 3142(e)(3)(C).[2]  The presumption means that the Court must initially assume there is "no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3124(e)(3).  The defendant may rebut this presumption by coming "forward with evidence that he does not pose a danger to the community or a risk of flight." Mercedes, 254 F.3d at 436.  If this burden of production is satisfied, the government retains the burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of the evidence that the defendant presents a risk of flight.  See id.

In deciding the issue of detention, the Court must consider the four factors specified in the Bail Reform Act: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence in the case; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community.  18 U.S.C. § 3142(g).

## III.    The Defendant Should Be Detained

The Court should order the defendant detained pending trial as he cannot rebut the presumption "that no condition or combination of conditions will reasonably assure the

---

[1] § 844(i) is "an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed."  18 U.S.C. § 3142(f)(1)(A).

[2] § 844(i) is "an offense listed in section 2332b(g)(5)(B) of Title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed." § 3142(e)(3)(C).

appearance of the [defendant] as required and the safety of the community."  The relevant factors demonstrate that the defendant is both a danger to the community and poses a risk of flight.

The charged conduct is serious, as is the danger posed by the defendant's release. The defendant intentionally set fire to a large building in a highly populated area of Brooklyn in broad daylight.  The defendant's actions led to a large fire and the collapse of large portions of the building's structure.  The danger posed to members of the community in the vicinity of the church that day, including members of the FDNY, is obvious.

The defendant poses an ongoing danger to the community because, as he informed law enforcement, the defendant recently attempted to burn down a second church.  The defendant's apparent desire to burn down additional churches is corroborated by entries in a journal found in his possession at the time of his arrest on New York County charges on August 5, 2026.

Furthermore, the defendant's highly concerning journal entries such as "murder them," "kill them," "stab them," "make them pay," and "rape him" suggest the defendant's interest in committing acts of violence against individuals or groups of individuals in the community.  Especially so, considering the defendant's apparent inclusion of "tally" marks associated with several of these categories.

Additionally, the charged offense carries a minimum prison sentence of five years imprisonment, increasing the defendant's incentive to flee.

Furthermore, the evidence against the defendant is strong.  It includes surveillance video, some of which includes audio of the defendant purchasing a lighter, as well as the defendant's statements to law enforcement.  The strength of the government's case therefore presents a significant incentive for the defendant to flee.

The defendant's history and characteristics further demonstrate that he is both a danger to the community and a serious risk of flight.  Recently, the defendant failed to show up for a scheduled Kings County Criminal Court date and had a warrant issued for his arrest. Furthermore, the defendant appears to be homeless and therefore lacks a stable, permanent residence at which he could be subject to home detention and monitoring by Pretrial Services. The government also understands that the defendant may have moved to New York City from Texas in recent years and therefore lacks meaningful ties to New York City and the Eastern District of New York.

IV.    Conclusion

"[N]o condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community" in this case, where the defendant (1) burned down a large church in a highly populated area; (2) admitted to attempting to burn down a second church; (3) apparently desires to burn down additional churches; (4) prepared journal entries evidencing interest in committing acts of violence; (5) faces significant prison time if convicted; (6) is likely to be convicted due the strength of the government's case; (7) recently failed to appear in court; (8) lacks a stable permanent residence; and (9) lacks ties to New York City and the Eastern District of New York.

§ 3142(e)(1).  For the foregoing reasons, the government respectfully requests that the Court issue an order of permanent detention.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:      /s/  William Bristow
William Bristow
Assistant U.S. Attorney
(718) 254-6201

cc:      Clerk of the Court (by ECF)

6